ALEXANDER PRINCE,. PROSECUTOR, v. BOARD OF AD-
JUSTMENT OF THE TOWN OF MONTCLAIR ET AL.,
RESPONDENT.

Submitted January term, 1925—Decided May 18, 1925.

**Ordinances—Zoning—Three-Family House—Permit Denied Be-
cause Proposed Use Did Not Conform to Requirements of
Zoning Ordinance—Case Within Rule of Ignaciunas v. Ris-
ley, 2 N. J. Adv. R. 852.**

On *certiorari.*

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Fast & Fast.*

For the respondent, *George S. Harris.*

PER CURIAM.

The prosecutor applied to the building inspector of Mont-
clair for a permit to erect in front of, and attached in part to,
a frame dwelling-house situated on his lot, 123 Watchung
avenue, an addition to contain three stores. The dwelling is
occupied by three families. A garage to house two motor
cars is erected on the rear of the lot. The permit was refused
upon the ground that the uses to which the proposed building
would be put, and to which it was designed to be put, did not
conform to the requirements of the zoning ordinance of Mont-
clair. Under such ordinance the land is located in a subur-
ban zone restricted against buildings to be used for business
purposes. In fact, one-half of the block in which prosecutor's
land is located is zoned for business purposes, and the other
half, that in which his lot is located, is zoned against such
purposes.

After such refusal, prosecutor appealed to the board of
adjustment, and that body refused the permit. He then ob-

tained a rule to show cause why *mandamus* should not issue, directed to the building inspector. Upon the return of such rule the respondent urged that the remedy was by *certiorari* to review the findings of the board of adjustment, and this court so held.

Thereupon a writ of *certiorari* was sued out, and brings before us the proceedings and judgment of the board of adjustment.

It is conceded that the plans for the proposed building or addition are in compliance with the building code of Montclair.

Twenty-eight reasons are presented by the board of adjustment as the basis for its judgment.

To us none of these seem tenable.

It may well be that the proposed construction may increase the fire hazard, and, therefore, the public safety, but that would be a proper subject for regulation by the building code, or, perhaps, by the zoning ordinance in prohibiting the erection of a building of such character—that is, by attaching an addition to be used for stores to a frame dwelling-house.

But this is not the prohibition of the building code nor of the zoning ordinance.

The latter absolutely and unqualifiedly prohibits any and all buildings to be used for business purposes in the zone which includes prosecutor's property.

We think in that respect the ordinance is unreasonable, and, therefore, unenforceable, and presents no basis for the refusal of the permit to presecutor. This feature of these ordinances has so frequently been passed upon by this court as not to require citation of authority other than that of *Ignaciunas* v. *Nutley*, 2 *N. J. Adv. R.* 852.

The judgment of the board of adjustment must be set aside, with costs.